## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JENKINS EVERETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:20-CV-50** |
| | ) | |
| **CO ROBINSON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM ORDER

This action was received by the Clerk of Court on March 3, 2020 and was referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The operative complaint in this case is the Amended Complaint at ECF No. 16. Plaintiff names four Department of Corrections employees as Defendants: Correctional Officers Robinson, Steele, Moore, and Irwin. Plaintiff alleges that Corrections Officers Robinson and Steele threw him headfirst into a wall and then slammed him to the ground while escorting him to a medical appointment. Plaintiff alleges that he was sprayed with pepper spray (on an unspecified date by unspecified individuals) and Defendants Moore and Irwin strip searched him and then left him in a "strip cage" for forty-five minutes to an hour choking from the pepper spray. It is not clear from the complaint whether the two incidents are related or contemporaneous in time.[1]

---

[1] Neither the Defendants' answer nor the Defendants' motion for summary judgment address the claims against Defendants Moore and Irwin.

In response to an amended complaint, Defendants filed an answer. ECF No. 19. Plaintiff filed motions for summary judgment (ECF No. 36; ECF No. 39[2]) seeking judgment on both of his claims against all four Defendants. Defendants filed a partial motion for summary judgment seeking judgment on the claim against Defendants Robinson and Steele. ECF No. 44. The motions were fully briefed.

On July 8, 2021, Magistrate Judge Lanzillo issued a Report and Recommendation recommending that Defendants' motion for partial summary judgment be granted and Plaintiff's motions for summary judgment be denied. ECF No. 73. Judge Lanzillo concluded that Plaintiff had failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act.

Plaintiff filed Objections to the Report and Recommendation arguing, among other things, that judgment should not be granted on both of his claims due to a failure to exhaust one claim. In this regard, Plaintiff is correct in his objection to application of the "total exhaustion doctrine." However, Judge Lanzillo did **not** recommend that judgment be granted in favor of Defendants on all Plaintiff's claims. The Report and Recommendation only discusses Plaintiff's claim against Robinson and Steele as that is the only claim on which Defendants moved for summary judgment.

Plaintiff also takes issue with Judge Lanzillo's analysis of Plaintiff's failure to exhaust his claim against Defendants Robinson and Steele. Plaintiff's objections here are without merit. Plaintiff did not request monetary damages in his initial grievance and then he did not appeal the denial of his initial grievance in a timely manner. In both ways, Plaintiff has failed to exhaust his administrative remedies as to the claim against Defendants Robinson and Steele.

---

[2] The motion for summary judgment at ECF No. 39 is duplicative of the motion filed at ECF No. 36.

Additionally, Plaintiff has filed a "Motion to Alter or Amend Summary of Judgment." ECF No. 76. Here, Plaintiff explains that he wishes to submit evidence regarding a grievance he submitted under DCADM 001 as opposed to DCADM 804 and he requests permission to submit interrogatories to Lt. Dicky.

After *de novo* review of the complaint and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 27th day of September 2021;

IT IS ORDERED that the Defendants' partial motion for summary judgment [ECF No. 44] be granted and judgment entered in favor of Defendants Robinson and Steele.

IT IS FURTHER ORDERED that Plaintiff's motions for summary judgment [ECF No. 36; ECF No. 39] be denied. Plaintiff has not met his burden on summary judgment to demonstrate with evidence that judgment should be granted on his claims against Defendants Moore and Irwin.

IT IS FURTHER ORDERED that Plaintiff's motion to alter or amend his summary judgment motion [ECF No. 76] is denied, without prejudice, as the undersigned will not review material that was not before Magistrate Judge Lanzillo. As Magistrate Judge Lanzillo is handling pretrial matters in this case, Plaintiff may request permission to file a second motion for summary judgment from Judge Lanzillo. Defendants may also request permission to file a second summary judgment motion as they did not address the claim against Moore and Irwin. The undersigned will defer to Judge Lanzillo on these procedural matters.

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Lanzillo, issued on July 8, 2021 [ECF No. 73] is adopted as the opinion of the court with the above additions.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge