IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JENKINS EVERETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 1:20-CV-50 |
| | ) | |
| **CO ROBINSON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM ORDER**

This action was received by the Clerk of Court on March 3, 2020 and was referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The operative complaint in this case is the Amended Complaint at ECF No. 16. Plaintiff names four Department of Corrections employees as Defendants: Correctional Officers Robinson, Steele, Moore, and Irwin. Following a round of dispositive motions, summary judgment was previously granted as to the claims against Robinson and Steele and judgment was granted in their favor and against Plaintiff. ECF Nos. 73, 77-78.

Thereafter, Judge Lanzillo allowed a second round of summary judgment motions. ECF No. 81. Defendants Moore and Irwin filed a motion for summary judgment. ECF No. 83. Plaintiff filed a motion for summary judgment [ECF No. 88], a motion to amend his complaint [ECF No. 95]. Additionally, Plaintiff's motion to alter judgment [ECF No. 98] urges the Court to reconsider its previous dismissal of the claims against Robinson and Steele.

1

On June 2, 2022, Magistrate Judge Lanzillo issued a Report and Recommendation recommending that:

- Motion for summary judgment filed by Defendants Moore and Irwin be granted;
- Motion for summary judgment filed by Plaintiff be denied;
- Motion to amend the complaint be denied; and
- Motion to alter judgment filed by Plaintiff be denied.

ECF No. 109. Judge Lanzillo's analysis of the motions and his recommendations revolve around the failure to exhaust administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"). In response to the Report and Recommendation, Plaintiff filed Objections, as well as a motion "requesting permission to alter and amend summary of judgment." ECF No. 113-114. These matters are ripe for disposition by this Court.

**Standard of Review**

When a party files objections to a Report and Recommendation, the district judge must review the Magistrate Judge's findings *de novo*. "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) *quoting* 28 U.S.C. § 636(b)(1). To obtain *de novo* review, a party must clearly and specifically identify those portions of the Report and Recommendation to which it objects. *Gooney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72(D)(2).

2

In his Objections, Plaintiff references "Exhibit A. Plaintiff Declaration of Truth" which he argues that Magistrate Judge's Lanzillo did not take into account in his recommendation. It is clear to the undersigned that Judge Lanzillo did not review the declaration as it is dated June 9, 2022 (and filed June 17, 2022) a full week **after** the Report and Recommendation was filed.

Upon review of a Magistrate Judge's Report and Recommendation, this Court will not review evidence that was not before the Magistrate Judge.

**Plaintiff's Use of the Administrative Remedy Process**

Plaintiff's legal claims as laid out in the amended complaint are based on two separate and discreet incidents of excessive force that occurred on the **same date**. On January 22, 2019, Defendants Robinson and Steele transported Plaintiff to the medical department and allegedly used excessive force against him during that move.[1] In a separate incident later in the day, Defendants Moore and Irwin sprayed Plaintiff with pepper spray and allegedly left him choking on the floor for an hour. Plaintiff's attempts to grieve these two separate incidents drives the disposition of all of the pending motions and of this case.

On February 11, 2019, Plaintiff filed Grievance #786184 about the incident with Defendants Robinson and Steele. This grievance was filed pursuant to DC-ADM 804. Plaintiff did not request monetary relief. In a decision issued on July 25, 2019, the hearing officer determined that Robinson and Steele used force against Plaintiff which was unwarranted. ECF No. 47-1. Six months later, Plaintiff filed an appeal to the facility manager requesting monetary relief. Plaintiff's appeal was rejected by the Facility Manager because it was untimely. ECF No. 47-1. Plaintiff did not appeal this rejection.

---

[1] This is the claim on which judgment has been entered in favor of Robinson and Steele and against Plaintiff.

As to the later incident involving Moore and Irwin, Plaintiff did not file any grievance under DC-ADM 804.[2] Instead, Plaintiff contends that he raised the issue of staff abuse by Moore and Irwin during a meeting with staff member Lt. Dickey. Judge Lanzillo noted that Plaintiff's contention in this regard (i.e., that he raised the abuse allegation verbally during this meeting, as well as that he verbally requested monetary relief) appear for the first time in Plaintiff's legal briefs and are unsupported by sworn declaration or affidavit. *See* ECF No. 109, page 10.

Judge Lanzillo accurately summarized the Plaintiff's utilization of the administrative remedy process:

> As an initial matter, it appears to be undisputed that Everett's only mention of Moore and Irwin occurred during the investigation that the prison initiated in relation to his DC-ADM 804 grievance against Robinson and Steele, rather than because Everett "report[ed] it directly to a staff member or in writing to OSII as set forth in DC-ADM 001. […] In other words, Everett did not explicitly and contemporaneously invoke DC-ADM 001 by immediately reporting to a staff member that he had been inappropriately pepper sprayed by Moore and Irwin; rather, he filed a DC-ADM 804 grievance against Robinson and Steele and then waited over two months before reporting the alleged abuse by Moore and Irwin during the DC-ADM 804(§ 1 D(2) investigation of his prior, unrelated allegation.

ECF No. 109, page 10-11.

**Plaintiff's Objections**

In an attempt to overcome his failure to exhaust, Plaintiff highlights the interplay between DC-ADM 001 and 804 and their impact on an inmate's ability to exhaust his administrative remedies. In his objections (as well as in his own motion for summary judgment), Plaintiff argues that he raised the issue of Moore and Irwin's use of force during a meeting with Lt. Dickey.

---

[2] Grievance #786184 did not mention any actions taken by Defendants Moore or Irwin and does not mention the use of pepper spray.

4

This meeting with Lt. Dickey occurred on March 19th, two months after the incident with Defendants Moore and Irwin. The meeting was part of the investigation of the abuse allegation against Defendants Robinson and Steele. In other words, Plaintiff argues that the meeting set as part of the investigation into possible abuse by others (which came to the attention of prison staff when Plaintiff filed Grievance # 786184) morphed into Plaintiff "reporting" the abuse of Moore and Irwin. Plaintiff seeks to characterize this meeting, scheduled as part of an investigation of abuse on a separate and discrete matter, as his initial attempt to exhaust his claim against Moore and Irwin.

This Court acknowledges and appreciates the uncertainty regarding how the interplay between the two policies impacts the exhaustion requirement of the PLRA. *Victor v. Lawler*, 565 Fed. App'x 126, 129 (3d Cir. 2014) (opining that the Third Circuit "has not considered whether a Pennsylvania prisoner can exhaust his administrative remedies through DC-ADM 001, nor what steps would be necessary under that procedure.").[3] Both DC-ADM 001 and DC-ADM 804 are avenues for an inmate to grieve guard-on-inmate abuse. The administrative process laid out in DC-ADM 804 is tightly circumscribed,[4] while the DC-ADM 001 process is significantly more

---

[3] However, many district courts in Pennsylvania assume that 001 is an alternative to 804. *Brockington v. Garcia*, 2022 WL 3142612, at *4 n.4 (M.D. Pa. Aug. 5, 2022) (listing cases); *Lewis v. English*, 2022 WL 407376, at *4 n.4 (E.D. Pa. Feb. 10, 2022).

[4] DC-ADM 804 provides a three-tiered process with filing deadlines. The three levels of review include (a) an initial review by a grievance officer, (2) an appeal to the facility manager, and (3) a final appeal to the Secretary's Office of Inmate Grievance Appeals ("SOIGA"). The policy mandates that the complainant include a statement of facts relevant to the claim and must identify individuals directly involved in the original grievance. If an inmate desires compensation or other legal relief typically available from a court, he must request this relief in his grievance.

relaxed.[5] However, in this case, the uncertainty regarding the interplay of the two policies does not save Plaintiff's case.

Here, Plaintiff failed to exhaust his administrative remedies in multiple ways. He failed to exhaust his legal claims against Defendants Robinson and Steele when he failed to request monetary relief in his initial grievance and when he failed to file a timely appeal to the Facility Manager. He also failed to exhaust (or, as some courts describe it, he procedurally defaulted) when he filed an untimely appeal to the Facility Manager. And he failed to exhaust again when he failed to appeal the rejection of his untimely appeal to the Facility Manager.

Then, as to the incident involving Defendants Moore and Irwin, Plaintiff failed to file any grievance under DC-ADM 804. Instead, he did nothing for fifty (50) days. In an effort to save his claim from dismissal, Plaintiff characterizes his March 19th meeting with Lt. Dickey, which was originally scheduled as part of an investigation of abuse on a separate matter, as his initial attempt to grieve the actions of Moore and Irwin under DC-ADM 001. This characterization of the events (which is unsupported by evidence) does not overcome the evidence presented by Defendant that Plaintiff has failed to exhaust his administrative remedies.

After *de novo* review of the amended complaint and filings in the case, together with the report and recommendation and objections thereto, the following order is entered:

---

[5] "DC-ADM lacks the strict filing provisions of DC-ADM 804, including the time for filing…" *Pirl v. Ringling*, 2021 WL 1964461, at *7 (W.D. Pa. Mar. 29, 2021) *quoting Moore v. Lamas*, 2017 WL 4180378, at *3 (M.D. Pa. Sept. 21, 2017). The policy provides multiple ways for inmates to report abuse: abuse can be reported verbally or in writing to any staff member, by filing an 804-grievance alleging abuse, or reporting it in writing to the Office of Special Investigations and Intelligence (OSII).

6

AND NOW, this 15th day of September 2022;

IT IS ORDERED that the motion for summary judgment filed by Defendants Moore and Irwin [ECF No. 83] be granted. In accordance with Rule 58, judgment is hereby entered in favor of Defendants Moore and Irwin.

IT IS FURTHER ORDERED that the motion for summary judgment filed by Plaintiff Everett [ECF No. 88] is denied.

IT IS FURTHER ORDERED that the following of Plaintiff's motions be denied: motion to amend complaint [ECF No. 95]; motion to alter judgment [ECF No. 98]; and motion to amend "summery of judgement" [ECF No. 114].

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Lanzillo, issued on June 22, 2022 [ECF No. 109] is adopted as the opinion of the court.

IT IS FURTHER ORDERED that the Clerk of Court is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge